# Order

Michigan Supreme Court
Lansing, Michigan

July 9, 2021

162891

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

*In re* INDEPENDENT CITIZENS
REDISTRICTING COMMISSION FOR
STATE LEGISLATIVE AND CONGRESSIONAL
DISTRICT'S DUTY TO REDRAW DISTRICTS
BY NOVEMBER 1, 2021.

SC: 162891

_____/

On order of the Court, the motion for immediate consideration having been granted and the Court having considered the briefs and oral arguments of the parties, the petition for relief is considered, and it is DENIED, because the Court is not persuaded that it should grant the requested relief.

WELCH, J. (*concurring*).

Our system of government is premised on "a legislature that represents the people, freely and popularly elected in accordance with a process upon which they have agreed." *In re Apportionment of State Legislature—1982*, 413 Mich 96, 136 (1982). In 2018, this state's voters overwhelmingly rejected the traditional method of partisan redistricting and, through a voter-initiated constitutional amendment, agreed to replace it with the Independent Citizens Redistricting Commission. See generally Const 1963, art 4, § 6. By all appearances, the commission has been acting diligently pursuant to its constitutional mandate as the only body entitled to "promulgate and adopt a redistricting plan or plans for this state." Const 1963, art 4, § 6(19). Now, *through no fault of its own*, the commission is in the difficult and unenviable position of undertaking its inaugural redistricting cycle without the full benefit of tabulated decennial census data. Under federal law, that tabulated decennial census data should have been "completed, reported, and transmitted" no later than April 1, 2021. 13 USC 141(c). Citing the challenges for the national enumeration presented by the COVID-19 pandemic, hurricanes, and wildfires, the United States Census Bureau now expects to transmit that tabulated decennial census data by September 30, 2021—six months late.

Their work disrupted by the U.S. Census Bureau's six-month delay, the commission and the Secretary of State made the sensible decision to alert this Court and the public that the unforeseen absence of the tabulated decennial census data will necessarily affect the expected timeline for completing redistricting. With an eye toward preserving public confidence and expressing concern that any delay might be grounds for a potential legal challenge to the validity of their work, they filed the present petition asking us to extend our Constitution's direction that the commission adopt a plan no later

than November 1, 2021. See Const 1963, art 4, § 6(7). They maintain that this preemptive relief would "ensure that fair maps are drawn" and "protect the adopted plans from challenges based on the Commission's inability to adhere to the constitutional timeline." By our decision today, we have declined the invitation to clothe the commission or the Secretary of State with any lawsuit-proof vest. The risk of *future* lawsuits—however likely and however inconvenient to the commission's ongoing work—is insufficient reason to justify the relief requested. Nor should we provide binding direction when it appears that the commission, an independent constitutional actor, has already decided that delay is necessary. At oral argument, the commission's counsel implied that the commission intends to follow its delayed schedule with or without our advance imprimatur, a path it believes is most consistent with its competing obligation of ensuring a fair and transparent redistricting process that allows for meaningful public participation.

It is true that this Court has in times past accepted something less than strict-to-the-letter compliance with a constitutional requirement when doing so was more faithful to the purpose and intention of those who ratified the requirement. See, e.g., *Ferency v Secretary of State*, 409 Mich 569, 601-602 (1980) (concluding that in "the most extreme circumstances" certain constitutional timing requirements "designed to facilitate the electoral process" are directory and not mandatory); *Rosenbrock v School Dist No 3, Fractional*, 344 Mich 335, 339 (1955) (rejecting a "mandatory" construction of a constitutional requirement absent a "provision indicating that a failure to strictly observe" renders the action "void"); *Carman v Secretary of State*, 384 Mich 443, 456 (1971) (cautioning that "if a too strict adherence" is given to a constitutional requirement then " 'the will of the people of the state would be defeated by an unimportant accident over which they had no control' " and reaffirming the primacy of " 'the substance rather than the letter of such requirements' ") (citation omitted). Other cases have, perhaps, been less forgiving. See, e.g., *People v Dettenthaler*, 118 Mich 595, 600-601 (1898) ("If directions are given respecting the times or modes of proceeding in which a power should be exercised, there is at least a strong presumption that the people designed it should be exercised in that time and mode only[.]"). Although the words in the constitutional text are important to determining intent, the "primary and fundamental rule" of interpretation is that "it is not the meaning of the particular words only in the abstract or their strictly grammatical construction alone that governs." *White v Ann Arbor*, 406 Mich 554, 562 (1979). Rather, "[t]he words are to be applied to the subject matter and to the general scope of the provision, and they are to be considered in light of the general purpose sought to be accomplished or the evil sought to be remedied by the constitution . . . ." *Id*. Whether or how these concepts might apply to the present situation is a question that we leave for another day.

The Court's decision is not a reflection on the merits of the questions briefed or how this Court might resolve a future case raising similar issues. It is indicative only that a majority of this Court believes that the anticipatory relief sought is unwarranted. No

matter how the commission chooses to proceed, if its work is challenged then it will ultimately fall to this Court "to determine what are the requirements of th[e] constitution and to define the meaning of those requirements in specific applications." *In re Apportionment of State Legislature—1982*, 413 Mich at 114; see also Const 1963, art 4, § 6(19). We will not shirk that duty.

CAVANAGH, J., joins the statement of WELCH, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 9, 2021



t0707

Clerk